**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:07CV534-C**

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLOTTE-MECKLENBURG )<br>BOARD OF EDUCATION, )<br>CHARLOTTE MECKLENBURG )<br>SCHOOLS LAW )<br>ENFORCEMENT DIVISION, )<br>GEMINI INSURANCE )<br>COMPANY, TED PEARSON, )<br>GUS WELBORN, ALICIA )<br>JOHNSON, JIMMIE VANCE )<br>GRUBBS, and RONALD DIXON, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendants Charlotte Mecklenburg Schools Law Enforcement Division, Gemini Insurance Company, Ted Pearson, and Gus Welborn's "Motion to Dismiss the Amended Complaint; [and] Memorandum ... in Support ..." (document #6) filed January 30, 2008; and the Plaintiff's "Response ..." (document #10) filed February 19, 2008.

On February 28, 2008, the Defendants filed their "Reply ..." (document #11).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' "Motion to Dismiss" be <u>granted in</u>

part and denied in part, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This action is brought pursuant to 42 U.S.C. § 1983 and state law by Plaintiff Travis Collum, the guardian ad litem for an unnamed minor child ("minor child"), arising out of the alleged sexual molestation of the minor child by Defendant Jimmy Vance Grubbs, a former teacher at Bradley Middle School, a school in the Charlotte-Mecklenburg School system. The other Defendants are the Charlotte-Mecklenburg Board of Education ("CMBE"); the Charlotte-Mecklenburg Schools Law Enforcement Department ("Law Enforcement Department"); Gemini Insurance Company, the Law Enforcement Department's insurer; Ronald Dixon, the principal of Bradley Middle School through sometime in February 2005; Alicisa Johnson, the principal of Bradley Middle School from sometime in February 2005; Ted Pearson, the Director of the Law Enforcement Department; and Gus Welborn, an investigator with the Law Enforcement Department. Although employed by CMBE, Defendants Pearson and Welborn are law enforcement officers sworn under the statutory authority of the Mecklenburg County Sheriff's Department.

Accepting the allegations of the Amended Complaint as entirely true, sometime in January or February 2005, Defendant Dixon became aware of allegations regarding inappropriate conduct with "a student" (apparently not the minor child at issue herein) by Defendant Grubbs including an incident which occurred in Myrtle Beach, South Carolina. The Plaintiff alleges that either Defendant Dixon or Defendant Johnson, whoever was then the Principal at Bradley Middle School, informed the Board of Education and Law Enforcement Department about these allegations.

The Law Enforcement Department subsequently conducted an internal investigation, and

Defendant Pearson assigned Defendant Welborn to serve as lead investigator. The Plaintiff alleges that the investigation confirmed "the fact that [Defendant] Grubbs was engaging in inappropriate contact with Bradley Middle School students."

The Plaintiff's claims, discussed below, arise principally from the allegation that despite being aware of Defendant Grubbs' conduct, none of the other Defendants reported the incidents to the Mecklenburg County Department of Social Services as they were required to do by state law or otherwise alerted parents of Bradley Middle School students to the potential danger to their children.[1] Rather than take any other action concerning Defendant Grubbs, those Defendants allegedly decided to allow him simply to retire, which he did in May 2005. Although the Complaint does not contain the express allegation, taken in the light most favorable to the Plaintiff at this early point in the proceeding, the Complaint supports an inference that if the Defendants had properly reported the results of their investigation, the minor child would not have been in Defendant Grubbs' presence or control on the occasions described below.

Although the record is unclear whether the minor child had had any earlier contact with Defendant Grubbs, the Plaintiff alleges that sometime after he retired, Defendant Grubbs paid the minor child, who was then a student at Bradley Middle School, to perform chores at Defendant Grubbs' house and touched the minor child inappropriately on that occasion. In September or October 2005, Defendant Grubbs allegedly took the minor child to Myrtle Beach, where Defendant Grubbs again touched the boy inappropriately, including on the genitals, and warned the child, who was frightened, not to inform his parents.

---

[1] N.C. Gen.Stat. § 7B-301 provides that "[a]ny person ... who has cause to suspect that any juvenile is abused ... shall report the case of that juvenile to the director of the department of social services in the county where the juvenile resides or is found."

The Plaintiff further alleges that sometime in late November or in December 2005, and while the minor child was at a church Defendant Grubbs attended, Defendant Grubbs again touched the boy's genitals and asked the boy to perform "other sexual acts," but the child refused.

In December 2005, a child psychologist reported to the Huntersville Police Department a sexual encounter between a different student, who was her patient, and Defendant Grubbs. The Huntersville Police Department began an investigation that led to Defendant Grubbs' arrest and subsequent guilty plea to federal charges of child molestation, resulting in a sentence of twenty years in federal prison. The record does not disclose, however, whether Defendant Grubbs was prosecuted for the criminal acts alleged in this lawsuit.

On November 14, 2007, the Plaintiff filed his initial Complaint in the Superior Court of Mecklenburg County, including the federal claim discussed below.

On December 20, 2007, the Defendants removed the state court action to the United States District Court for the Western District of North Carolina, alleging federal question subject matter jurisdiction. Removal has not been challenged and appears proper.

On January 16, 2008, and prior to any responsive filing by the Defendants, the Plaintiff filed his Amended Complaint which sets forth the following five claims for relief: negligent infliction of emotional distress against all Defendants; negligent supervision and retention against all Defendants; assault and battery against Defendants CMBE and Grubbs; and § 1983 and state constitutional claims against Defendant CMBE for violating the Plaintiff's rights to "a safe and secure [school] environment, free from sexual molestation, harassment, misconduct, assault, battery and intimidation." The Plaintiff's claims against the individual Defendants are pled in both the Defendants' official and individual capacities, and the Plaintiff repeatedly alleges that the individual Defendants' actions were

4

performed within the scope and in furtherance of their official duties.

On January 30, 2008, Defendants Law Enforcement Department, Gemini Insurance, Pearson, and Welborn filed their Motion to Dismiss the Plaintiff's negligent infliction of emotional distress and negligent supervision and retention claims, the only claims pled against those Defendants. These Defendants contend, among other things, that the Law Enforcement Division is only a component of, not a separate entity from, Defendant CMBE and therefore is not a proper party Defendant; and that the Plaintiff's negligent supervision and retention claim is properly pled only against Defendant Grubbs' employer and/or supervisor.[2]

In his Response, filed February 19, 2008, the Plaintiff does not oppose dismissal of the Law Enforcement Department nor does he oppose the dismissal of his negligent supervision and retention claim as to the remaining moving Defendants. Accordingly, for the reasons set forth in the Defendants' memoranda, the undersigned will respectfully recommend that their Motion to Dismiss be <u>granted</u> as to the Defendant Law Enforcement Division and as to the Plaintiff's negligent supervision and retention claim against Defendants Gemini Insurance, Pearson, and Welborn.

The remaining issue is whether the Plaintiff may maintain his claim for negligent infliction of emotional distress against Defendants Pearson and Welborn in their official and individual capacities, and derivatively against their insurer, Gemini Insurance.

The Defendants' Motion to Dismiss has been fully briefed and is, therefore, ripe for disposition.

---

[2] A plaintiff may pursue a claim for negligent supervision and retention only against the employer/supervisor of the individual who committed the underlying tortious act. <u>Foster v. Crandall</u>, 181 N.C. App. 152, 171, 638 S.E.2d 526, 539 (2007) (reversing trial court's denial of summary judgment on negligent supervision claim where defendant was not employer of the individual who committed the tort).

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

### B. Individual Capacity Claim for Negligent Infliction of Emotional Distress

The elements of a claim for negligent infliction of emotional distress are "(1) the defendant

6

negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990).

"Negligence is the breach of a legal duty owed by defendant that proximately causes injury to plaintiff." Guthrie v. Conroy, 152 N.C. App. 15, 25, 567 S.E.2d 403, 410 (2002). " 'In order to establish actionable negligence, a plaintiff must show that: (1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligen[t] breach of such duty was the proximate cause of the injury.' " Id. at 25, 567 S.E.2d at 410-11, quoting Gordon v. Garner, 127 N.C. App. 649, 660-61, 493 S.E.2d 58, 65 (1997), disc. review denied, 347 N.C. 670, 500 S.E.2d 86 (1998).

As the Defendants point out in their briefs, however, public officials are "immune from personal liability for mere negligence in the performance of [their] duties." Slade v. Vernon, 110 N.C. App. 422, 428, 429 S.E.2d 744, 747 (1993). As law enforcement officers, Defendants Pearson and Welborn are public officials. Campbell v. Anderson, 156 N.C.App. 371, 376, 576 S.E.2d 726, 730 (2003) (law enforcement officers are "public officials" for immunity analysis); and Schlossberg v. Goins, 141 N.C.App. 436, 445-46, 540 S.E.2d 49, 56 (2000) (same).

In order to survive a defendant law enforcement officer's motion to dismiss alleging public official immunity, "a plaintiff must make a prima facie showing that the officer's conduct is malicious, corrupt, or outside the scope of his official authority." McCarn v. Beach, 128 N.C. App. 435, 437, 496 S.E.2d 402, 404 (1998). Accord Campbell, 156 N.C.App.at 377, 576 S.E.2d at 730 ("[w]here a complaint offers no allegations from which corruption or malice might be inferred," the defendant

7

officer is entitled to public official immunity); and Davis v. Town of Southern Pines, 116 N.C. App. 663, 673, 449 S.E.2d 240, 246 (1994) (negligence claims against defendant police officers in their individual capacities necessarily failed since the conduct arose from the officers' "official duties").

Moreover, the Fourth Circuit Court of Appeals has held that a "negligent infliction of emotional distress claim, by its very definition, necessarily alleges only negligence. Therefore, [the defendant state trooper] [wa]s absolutely immune [individually] from any negligent infliction of emotional distress claim under North Carolina law." Shaw v. Stroud, 13 F.3d 791, 803 (4th Cir. 1994) (rejecting plaintiff's claim that gross negligence is sufficient to pierce public official immunity). Accord Jones v. Kearns, 120 N.C. App. 301, 306, 462 S.E.2d 245, 248 (1995) ("Allegations of reckless indifference are not sufficient to satisfy [a] plaintiff's burden to allege and forecast evidence of corruption or malice.")

Applying these legal principles to the allegations of the Amended Complaint taken as entirely true, Defendants Pearson and Welborn are entitled to public official immunity as to negligence claims brought against them personally. Indeed, the Plaintiff has not alleged in his Complaint or even argued in his brief that these Defendants' conduct was a product of actual malice or corruption or that they acted outside the scope of their official duties. Instead, the Plaintiff repeatedly has alleged that these officers were negligent and that their disputed actions were within the scope of their official duties, allegations insufficient to pierce the Defendants' public official immunity. Accord Shaw, 13 F.3d at 803 (rejecting plaintiff's claim that gross negligence is sufficient to pierce public official immunity); Campbell, 156 N.C.App.at 377, 576 S.E.2d at 730 ("[w]here a complaint offers no allegations from which corruption or malice might be inferred," the defendant officer is entitled to public official immunity); McCarn, 128 N.C. App. at 437, 496 S.E.2d at 404 (to survive a defendant law enforcement

officer's motion to dismiss alleging public official immunity, "a plaintiff must make a prima facie showing that the officer's conduct is malicious, corrupt, or outside the scope of his official authority"); Kearns, 120 N.C. App. at 306, 462 S.E.2d at 248 ("[a]llegations of reckless indifference are not sufficient to satisfy [a] plaintiff's burden to allege and forecast evidence of corruption or malice"); and Town of Southern Pines, 116 N.C. App. at 673, 449 S.E.2d at 246 (negligence claims against defendant police officers in their individual capacities necessarily failed since the conduct arose from the officers' "official duties").

Accordingly, the undersigned will respectfully recommend the Defendants' Motion to Dismiss be granted as to the Plaintiff's claim for negligent infliction of emotional distress against Defendants Pearson and Welborn in their individual capacities. Moreover, as Gemini Insurance Company's liability, if any, is entirely derivative of Defendants Pearson and Welborn's liability, the undersigned will recommend that the Motion be granted as to the same claim against the Defendant insurance company. Lida Manufacturing Co. v. U.S. Fire Ins. Co., 116 N.C. App. 592, 595, 448 S.E.2d 854, 856 (1994) (in tort context, insurance company's liability is derivative in nature, and "its liability depends on whether or not its insured is liable to the plaintiff").

**C. Official Capacity Claim for Negligent Infliction of Emotional Distress**

The moving Defendants contend that the Plaintiff's remaining official capacity negligent infliction of emotional distress claim is barred by the public duty doctrine, which bars official capacity claims against law enforcement officers arising from the negligent performance of certain "discretionary governmental action ... such as those acts that involve actively weighing the safety interests of the public." Smith v. Jackson County Board of Education, 168 N.C. App. 452, 461, 608

9

S.E.2d 399, 407 (2005), citing Moses v. Young, 149 N.C. App. 613, 616, 561 S.E.2d 332, 334, disc. review denied, 356 N.C. 165, 568 S.E.2d 199 (2002).  Accord  Wood v. Guilford County, 355 N.C. 161, 166, 558 S.E.2d 490, 495 (2002) (where applicable, public duty doctrine provides that "governmental entities have no duty to protect particular individuals from harm by third parties, thus no claim may be brought against them for negligence"); Braswell v. Braswell, 330 N.C. 363, 371, 410 S.E.2d 897, 902 (1991) (municipality and its agents act for the benefit of the public, therefore, where public duty doctrine applies, there is no liability for the failure to furnish police protection to specific individuals); and Lovelace v. City of Shelby, 153 N.C. App. 378, 385, 570 S.E.2d 136, 140 (where applicable, the public duty doctrine bars suit against a law enforcement officer "based on negligence for failure to provide protection to a specific individual from the criminal acts of another"), disc. review denied, 356 N.C. 437, 572 S.E.2d 785 (2002).

In Smith, supra, on facts substantively indistinguishable from those alleged in this case, the North Carolina Court of Appeals held that a public school resource officer, who like these Defendant officers was sworn through the county sheriff's department, was not entitled to the defense of the public duty doctrine for negligently failing to report the sexual abuse of students by a teacher. 168 N.C. App. at 462, 608 S.E.2d at 407-08 (affirming denial of defendant officer's motion to dismiss on negligent infliction of emotional distress claim where plaintiff alleged that officer knew school teacher was sexually abusing students but did not report it). After discussing N.C. Gen. Stat. § 7B-301, noted above, the court held that:

> the duty to report child abuse is not the type of discretionary law enforcement function shielded by the doctrine. [The defendant officer] was not required-nor was he permitted-to weigh the safety interests of the public when he decided not to report [sexual abuse] .... Rather, his duty to report abuse was imposed by statute and involved no deliberation or discretionary consideration. [The Defendant officer's] failure to

report known child abuse was, therefore, outside the scope of conduct generally associated with law enforcement, and the public duty doctrine does not bar this claim. Id. (emphasis added).

Moreover, the Court of Appeals recognized that "there are two well-established exceptions to the [public duty] doctrine that prevent inequities to certain individuals: (1) when there is a special relationship between the injured party and the police; and (2) when a municipality creates a special duty by promising protection to an individual." Id., 168 N.C. App. at 462, 608 S.E.2d at 408, citing Wood, 355 N.C. at 166, 558 S.E.2d at 495 (emphasis added). The court held that to "[t]o the extent the claims of plaintiff ... are based on negligence other than a failure to report abuse, we hold that the ... facts of this case fall within" the first exception, the special relationship between the injured party and law enforcement.[3] Id., 168 N.C. App. at 463, 608 S.E.2d at 408 ("[u]nlike the provision of police protection to the general public ... [the special relationship exception applies where a law enforcement officer] is employed to provide a protective service to an identifiable group of [school] children"), citing Isenhour v. Hutto, 350 N.C. 601, 608, 517 S.E.2d 121, 126 (1999) (special relationship exception to public duty doctrine applied to negligence claim brought against school crossing guard by student struck by car).

In short, the Court of Appeals held that the entire student body at the subject school was a sufficiently identifiable group of children such that the resource officer assigned to that school had a special relationship with them that prevented application of the public duty doctrine. Id., 168 N.C. App. at 463, 608 S.E.2d at 408.

Applying these legal principles to the allegations of the Amended Complaint, which must be

---

[3] In Smith, the court also found that the second exception, special duty, applied but that was due to special legislation governing school resource officers that does not apply to Defendants Pearson and Wood. Id., 168 N.C. App. at 464-65, 608 S.E.2d at 409.

11

taken as true at this point in the proceedings, Defendants Pearson and Welborn are not entitled to assert the public duty doctrine and their Motion to Dismiss the Plaintiff's official capacity negligent infliction of emotional distress claim must therefore be denied.

In an attempt to avoid the preclusive effect of the Court of Appeal's ruling in Smith, supra, the Defendants argue that unlike the school resource officer who was regularly present on campus, the Plaintiff has failed to allege that Defendant Welborn ever visited the campus of Bradley Middle School during the course of his investigation, a contention that misses the point.[4] Although recognizing that discovery may lead to evidence to the contrary, at this stage in litigation, the Plaintiff has alleged that following Defendant Welborn's investigation, the Defendants knew "the fact that [Defendant] Grubbs was engaging in inappropriate contact with Bradley Middle School students." Despite allegedly possessing such knowledge, these Defendants failed to report Defendant Grubbs' behavior to the Department of Social Services, a decision which bars application of the public duty doctrine to the Plaintiff's principal complaint that the Defendants were negligent in failing to make the required report. Smith, 168 N.C. App. at 462, 608 S.E.2d at 407-08 (applying N.C. Gen. Stat. § 7B-301, "the duty to report child abuse is not the type of discretionary law enforcement function shielded by the [public duty] doctrine").

Moreover, once Defendant Welborn was assigned to investigate allegations of sexual abuse by a specific individual against an identifiable group of children, that is, the students at Bradley Middle School, a special relationship arose that prevents application of the public duty doctrine to any other

---

[4]The undersigned notes that rather than somehow justifying his alleged subsequent decision not to report Defendant Grubbs' criminal conduct, if Defendant Welborn, in fact, never visited the Bradley campus, despite bearing the official responsibility to investigate allegations of sexual abuse by a Bradley teacher upon a Bradley student, such a failure reasonably could be considered as further evidence of negligence on the Defendants' part.

allegation of negligence, such as the Defendants' alleged decision to allow Defendant Grubbs quietly to retire. Accord Smith, 168 N.C. App. at 463, 608 S.E.2d at 408 ("[u]nlike the provision of police protection to the general public ... [the special relationship exception applies where a law enforcement officer] is employed to provide a protective service to an identifiable group of [school] children").

Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss the Plaintiff's official capacity negligent infliction of emotional distress claim be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants Charlotte Mecklenburg Schools Law Enforcement Division, Gemini Insurance Company, Ted Pearson, and Gus Welborn's "Motion to Dismiss the Amended Complaint" (document #6) be **GRANTED IN PART** and **DENIED IN PART**; that is:

1. The Defendants' Motion to Dismiss be **GRANTED** as to all claims pled against Defendant Charlotte Mecklenburg Schools Law Enforcement Division; as to the Negligent Retention and Supervision claim against Defendants Pearson and Welborn in both their individual and official capacities and against Defendant Gemini Insurance Company, and as to the Negligent Infliction of Emotional Distress claim against Defendants Pearson and Welborn in their individual capacities and against Defendant Gemini Insurance Company; and that those claims be **DISMISSED WITH PREJUDICE**.

2. The Defendants' Motion to Dismiss be **DENIED** as to the Negligent Infliction of Emotional Distress claim against Defendants Pearson and Welborn in their official capacities, and derivatively against Defendant Gemini Insurance Company.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: March 5, 2008

*[signature: Carl Horn, III]*

Carl Horn, III
United States Magistrate Judge