UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-534-C

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, CHARLOTTE-MECKLENBURG SCHOOLS LAW ENFORCEMENT DIVISION, GEMINI INSURANCE COMPANY, TED PEARSON, GUS WELBORN, ALICIA JOHNSON, JIMMIE VANCE GRUBBS, and RONALD DIXON, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants Charlotte-Mecklenburg Schools Law Enforcement Department, Gemini Insurance Company, Ted Pearson and Gus Welborn's ("Law Enforcement Defendants") Motion for a stay of discovery in this case. (Doc. No. 18). Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> Upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including one or more of the following: (1) that the . . . discovery not be had . . . [or] (2) that the disclosure or discovery may be had only on specified terms and conditions . . . .

Fed. R. Civ. P. 26(c). The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion

to control this discovery process."). The Court finds good cause in the interest of judicial economy to **HEREBY STAY DISCOVERY** in this case, only as it relates to the Law Enforcement Defendants, until the Court issues an order on the Law Enforcement Defendants' Motion to Dismiss.

**IT IS SO ORDERED**.

Signed: May 5, 2008

Robert J. Conrad, Jr.
Chief United States District Judge