UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-534-RJC

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, CHARLOTTE-MECKLENBURG SCHOOLS LAW ENFORCEMENT DIVISION, GEMINI INSURANCE COMPANY, TED PEARSON, GUS WELBORN, ALICIA JOHNSON, JIMMIE VANCE GRUBBS, and RONALD DIXON, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

The plaintiff filed his Complaint on December 20, 2007, and amended the Complaint on January 17, 2008. (Doc. No. 1, 6). The defendants Charlotte-Mecklenburg Schools Law Enforcement Division, Gemini Insurance Company, Ted Pearson and Gus Welborn moved to dismiss. (Doc. No. 6). The plaintiff responded to the defendants' Motion. (Doc. No. 10). By Memorandum & Recommendation ("M&R"), the Magistrate Judge recommended that the motion to dismiss be granted in part and denied in part. (Doc. No. 13). Presently before the Court are Defendants Gemini Insurance Company, Ted Pearson and Gus Welborn's ("Law Enforcement Defendants") timely filed objections. (Doc. No. 14).

After *de novo* review of the defendants' 12(b)(6) motion and all relevant pleadings, and taking all well-pleaded allegations as true and in a light most favorable to the plaintiff, the Court grants the defendants' motion to dismiss all of the plaintiff's claims against the Law Enforcement

Defendants, and their insurer, Gemini Insurance Company.

## STANDARD

A party may file specific, written objections to a magistrate judge's M&R within ten days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

## FACTUAL BACKGROUND

The Law Enforcement Defendants have made no specific objections to the findings of fact contained in the Magistrate Judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the Magistrate Judge on pages two through five of the M&R filed on March 5, 2008, for purposes of this Order.

**DISCUSSION OF LAW**

Plaintiff has asserted two claims against the defendants for negligent infliction of emotional distress ("NIED") and negligent supervision and retention. The Magistrate Judge recommended that the negligent supervision and retention claim be dismissed against all of the defendants.[1] Further, the Magistrate Judge recommended that the NIED claim be dismissed against Defendants Pearson and Welborn in their individual capacities and against Defendant Gemini Insurance Company, but not against Defendants Pearson and Welborn in their official capacity. The Law Enforcement Defendants timely filed objections to the Magistrate's M&R and objected only to the portion of the M&R which held that the plaintiff's official capacity NIED claim was not barred by the public duty doctrine. (Doc. No. 14 at 1-2).

**A. Official Capacity Claim for Negligent Infliction of Emotional Distress**

The Law Enforcement Defendants assert that the Magistrate Judge erred in not dismissing the official capacity NIED claim because that claim is barred by the public duty doctrine. The plaintiff alleged in his Complaint that following Defendant Welborn's investigation, the Law Enforcement Defendants knew "the fact that [Defendant] Grubbs was engaging in inappropriate contact with Bradley Middle School students." Despite allegedly knowing these facts, the Law Enforcement Defendants negligently failed to report the inappropriate contact to the Department of Social Services ("DSS") or the parents. The defendants, however, contend that they were not negligent in failing to report the contact because they were not required to report the abuse. They further aver that because the plaintiff has not alleged that Defendant Welborn was present at Bradley Middle School, a special relationship did not arise between the Law Enforcement Defendants and

---

[1] No objections were filed regarding this part of the Magistrate Judge's findings.

the minor child. The Law Enforcement Defendants assert that:

> The question is not whether Pearson and Welborn were negligent, but whether there was a special relationship created between Pearson, Welborn, and the minor child. If the Plaintiff alleged that Welborn visited Bradley Middle School and talked with the unnamed child, *Smith* might arguably apply. However, since no allegations that either Pearson or Welborn went to Bradley Middle School, the special nature of the relationship relied upon by the *Smith* Court does not apply.

(Doc. No. 14 at 5).

To successfully "state a claim for negligent infliction of emotional distress, a plaintiff must allege that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as 'mental anguish'), and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 395 S.E.2d 85, 97 (N.C. 1990). Under the public duty doctrine, however, "governmental entities have no duty to protect particular individuals from harm by third parties, thus no claim may be brought against them for negligence." Wood v. Guilford County, 558 S.E.2d 490, 495 (N.C. 2002). The doctrine bars official capacity claims against law enforcement officers arising from the negligent performance of certain "discretionary governmental action . . . such as those acts that involve actively weighing the safety interests of the public." Smith v. Jackson County Bd. of Educ., 608 S.E.2d 399, 407 (N.C. Ct. App. 2005) (internal quotations marks omitted). The doctrine "recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act." Braswell v. Braswell, 410 S.E.2d 897, 901 (N.C. 1991).

The plaintiff alleged that the Law Enforcement Defendants were negligent in failing to report the allegations of abuse to the DSS pursuant to North Carolina General Statute § 7B-301. Section

4

§ 7B-301 provides that "[a]ny person . . . who has cause to suspect that any juvenile is abused . . . shall report the case of that juvenile to the director of the department of social services in the county where the juvenile resides or is found." N.C. Gen. Stat. § 7B-301 (2003). The Statute limits the duty to report to the DSS abuse that is at the hands of a parent, guardian, caretaker, or custodian. Id. §7B-101. Abuse by a person who is not a parent, guardian, caretaker, or custodian is outside DSS's jurisdiction and falls under North Carolina criminal law. Id. Thus, abuse by a teacher does not fall under the mandatory reporting duty under the statute.[2] This Court concludes that the Law Enforcement Defendants had no duty to report to DSS abuse by a teacher under these circumstances. Thus their conduct is shielded by the public duty doctrine unless one of the two exceptions applies.

"[T]here are two well-established exceptions to the [public duty] doctrine that prevent inequities to certain individuals: (1) when there is a special relationship between the injured party and the police; and (2) when a municipality creates a special duty by promising protection to an individual." Wood v. Guilford County, 558 S.E.2d 490, 495 (N.C. 2002). The plaintiff has not alleged that a special duty existed so the Court will focus on the special relationship exception alone. The Magistrate Judge relied on Smith to find that a special relationship existed. The Law Enforcement Defendants, however, assert that the Magistrate Judge's reliance was in error and that no special relationship arose between Defendants Pearson and Welborn and the minor child. This Court finds that the Magistrate Judge erred in relying on Smith and concludes no special relationship arose when Defendant Pearson assigned Defendant Welborn to investigate the allegations of abuse.

---

[2] The Smith Court seems to suggest that abuse by a teacher of a student falls under the mandatory reporting language of North Carolina General Statute § 7B-301. However, Smith does not address the statutory definition of abuse contained in North Carolina General Statute § 7B-101, which limits the type of abuse that violates the statute. This limitation appears not to have been considered by the Smith Court nor argued by the parties. It is therefore considered herein as a matter of first impression.

A special relationship will result if the plaintiff was a member of an identifiable group of school children subject to foreseeable risk of harm. See Smith, 608 S.E.2d at 408; Isenhour v. Hutto, 517 S.E.2d 121, 126 (N.C. 1999). "[I]n order to fall within the 'special relationship' exception to the public duty doctrine, plaintiff must allege a special relationship, such as that between 'a state's witness or informant who has aided law enforcement officers.'" Hunt v. N.C. Dep't of Labor, 499 S.E.2d 747, 751 (N.C. 1998) (quoting Braswell, 410 S.E.2d at 902). North Carolina courts have found a special relationship between students and a school crossing guard and a school resource officer. See Isenhour, 517 S.E.2d at 126; Smith, 608 S.E.2d at 408. Both school crossing guards and school resource officers are tasked with student safety on a day-to-day basis. With regard to a school crossing guard and a school resource officer, the court found that the relationship with the students was "direct and personal, and the dangers [were] immediate and foreseeable." Isenhour, 517 S.E.2d at 126; Smith, 608 S.E.2d at 408.

In this case, the plaintiff was a Bradley Middle School student who was allegedly abused by his teacher, Defendant Grubbs. Defendant Pearson was the head of the Law Enforcement Division for the Charlotte-Mecklenburg County Schools. Defendant Pearson assigned Defendant Welborn to investigate the complaints about Defendant Grubbs. Defendant Welborn was not present in the school on a day-to-day basis and thus had no direct relationship with the students at Bradley Middle School. He was fulfilling the duty of a general law enforcement officer by investigating crimes occurring at schools throughout the Charlotte-Mecklenburg School System. The duty to investigate allegations of past crimes as in this case and the duty to protect children at schools on a day-to-day basis as alleged in Smith are distinguishable. This Court concludes that the special relationship exception does not apply under these facts and that the plaintiff's NIED claim against the Defendants

6

Welborn and Pearson in their official capacity is barred by the public duty doctrine.

## CONCLUSION

After its *de novo* review of the defendants' Rule 12(b)(6) Motion to Dismiss, the Law Enforcement Defendants' Objections to the M&R, and viewing the plaintiff's allegations in the light most favorable to him, this Court adopts the factual findings of the M&R but concludes for the reasons set forth herein that the defendants' Motion to Dismiss be granted in full.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the M&R be **AFFIRMED** in part and **REVERSED** in part.

**IT IS FURTHER ORDERED** that the Law Enforcement Defendants' objections be **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss be **GRANTED** as to all claims pled against Defendant Charlotte Mecklenburg Schools Law Enforcement Division, as to the Negligent Retention and Supervision claim against Defendants Pearson and Welborn in both their individual and official capacities and against Defendant Gemini Insurance Company, and as to the NIED claim against Defendants Pearson and Welborn in their individual and official capacities and against Defendant Gemini Insurance Company, and that those claims be **DISMISSED WITH PREJUDICE**.

Signed: June 16, 2008

Robert J. Conrad, Jr.
Chief United States District Judge