UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-cv-534-RJC
3:08-cv-266-RJC

| | |
|---|---|
| BRANTLEY OSTWALT, Guardian ad Litem for unnamed Minor Child, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, CHARLOTTE MECKLENBURG SCHOOLS LAW ENFORCEMENT DEPARTMENT, GEMINI INSURANCE COMPANY, RONALD DIXON, ALICISA JOHNSON, TED PEARSON, and GUS WELBORN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

The Plaintiff filed his Complaint on May 8, 2008, in the Superior Court of Mecklenburg County, North Carolina. (Doc. No. 1-2). The Defendants removed the case to this Court on May 12, 2008. (Doc. No. 1). Presently before this Court is a motion to dismiss filed by Defendants Charlotte-Mecklenburg Schools Law Enforcement Department, Gemini Insurance Company[1], Ted Pearson and Gus Welborn ("Law Enforcement Defendants"). (Doc. No. 2). The Plaintiff did not respond to the Law Enforcement Defendants' motion.

**STANDARD**

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded

---

[1] All claims against Gemini Insurance Company are derivative in nature.

allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

**FACTUAL BACKGROUND**

Accepting the allegations of the Complaint as entirely true, in January or February 2005, Defendant Dixon became aware of allegations regarding inappropriate conduct with "a student" (apparently not the minor child at issue herein) by Defendant Grubbs, including an incident which occurred in Myrtle Beach, South Carolina. The Plaintiff alleges that either Defendant Dixon or Defendant Johnson, whoever was then the Principal at Bradley Middle School, informed the Board of Education and Law Enforcement Department about these allegations.

The Law Enforcement Department subsequently conducted an internal investigation, and Defendant Pearson assigned Defendant Welborn to serve as lead investigator. The Plaintiff alleges that the internal investigation confirmed "that alleged misconduct by [Defendant] Grubbs towards a student had occurred." (Doc. No. 1-2 at 13). The Plaintiff further alleges that Defendants Dixon, Johnson, Pearson, and Welborn failed to report the allegations against Defendant Grubbs to the Director of Social Services or Myrtle Beach authorities, in violation of North Carolina statutes and Board of Education policy. Defendant Grubbs retired in May 2005. The Board of Education never informed the Department of Social Services or any law enforcement agencies about Defendant Grubbs' alleged misconduct.

In 2005, the unnamed minor child was a student in Defendant Grubbs' class. In December 2005 or January 2006, the minor child and Defendant Grubbs went on a trip to Columbia, South Carolina, where Grubbs allegedly inappropriately touched the minor child.

In December 2005, a child psychologist reported to the Huntersville Police Department a sexual encounter between a different student, who was her patient, and Defendant Grubbs. The Huntersville Police Department began an investigation that led to Defendant Grubbs' arrest and subsequent guilty plea to federal charges of child molestation, resulting in a sentence of twenty years in federal prison. The record does not disclose, however, whether Defendant Grubbs was prosecuted for the criminal acts alleged in this lawsuit.

The Plaintiff filed his Complaint on May 8, 2008. The Defendants timely removed on June 12, 2008, alleging federal subject matter jurisdiction. Removal has not been challenged and appears proper. The Complaint sets forth four claims for relief: (1) Negligent Performance of Law Enforcement Duties against the Board of Education and Law Enforcement Defendants; (2) Negligent Supervision and Retention against all Defendants; (3) Civil Rights Claim under 42 U.S.C. § 1983 alleging violations of the Plaintiff's Fourteenth Amendment rights against the Board of Education; and (4) Violations of North Carolina Constitution against the Board of Education.

On June 16, 2008, Defendants Law Enforcement Department, Gemini Insurance Company, Pearson, and Welborn filed their motion to dismiss the Plaintiff's negligent performance of law enforcement duties and negligent supervision and retention claims. These Defendants contend, among other things, (1) that the Law Enforcement Division is only a component of, not a separate entity from, Defendant Charlotte-Mecklenburg Board of Education, and therefore is not a proper party defendant; (2) that the negligent performance of law enforcement duties and negligent supervision and retention claims against Defendants Pearson and Welborn are barred due to the

public duty doctrine; and (3) that the Plaintiff's negligent supervision and retention claim is properly pled only against Defendant Grubbs' employer and/or supervisor.

The time for filing a response to the Law Enforcement Defendants' motion to dismiss has passed, and, to date, the Plaintiff has filed no response. Accordingly, this Court considers the Defendants' motion as fully briefed and ready for disposition. For the reasons set forth below, this Court grants the Law Enforcement Defendants' motion to dismiss.

**DISCUSSION OF LAW**

A.  Capacity to Sue Defendant Law Enforcement Department

The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. See McPherson v. First & Citizens Nat'l Bank, 81 S.E.2d 386, 397 (N.C. 1954). In North Carolina, there is no statute authorizing suit against the Law Enforcement Department. See Coleman v. Cooper, 366 S.E.2d 2, 5 (N.C. Ct. App. 1988) (a police department cannot be sued given the absence of any statute "authorizing suit against a police department"). Accordingly, the Defendant Law Enforcement Department is entitled to dismissal as a matter of law.

B.  Public Duty Doctrine

Under the public duty doctrine, "governmental entities have no duty to protect particular individuals from harm by third parties, thus no claim may be brought against them for negligence." Wood v. Guilford County, 558 S.E.2d 490, 495 (N.C. 2002). The doctrine bars official capacity claims against law enforcement officers arising from the negligent performance of certain "discretionary governmental action . . . such as those acts that involve actively weighing the safety interests of the public." Smith v. Jackson County Bd. of Educ., 608 S.E.2d 399, 407 (N.C. Ct. App.

2005) (internal quotations marks omitted). The doctrine "recognizes the limited resources of law enforcement and refuses to judicially impose an overwhelming burden of liability for failure to prevent every criminal act." Braswell v. Braswell, 410 S.E.2d 897, 901 (N.C. 1991).

The plaintiff alleges that the Law Enforcement Defendants were negligent in failing to report the allegations of abuse to the Department of Social Services ("DSS") pursuant to North Carolina General Statute §115C-400 and § 7B-301. Section 115C-400 provides that "[a]ny person who has cause to suspect child abuse or neglect has a duty to report the case of the child to the Director of Social Services of the county, as provided in Article 3 of Chapter 7B of the General Statutes." N.C. Gen. Stat. § 115C-400. Section § 7B-301 provides that "[a]ny person . . . who has cause to suspect that any juvenile is abused . . . shall report the case of that juvenile to the director of the department of social services in the county where the juvenile resides or is found." Id. § 7B-301. The Statute limits the duty to report to the DSS abuse that is at the hands of a parent, guardian, caretaker, or custodian. Id. § 7B-101. Abuse by a person who is not a parent, guardian, caretaker, or custodian is outside DSS's jurisdiction and falls under North Carolina criminal law. Id. Thus, abuse by a teacher does not fall under the statute's mandatory reporting duty. This Court concludes that the Law Enforcement Defendants had no duty to report to DSS abuse by a teacher under these circumstances. Thus, their conduct is shielded by the public duty doctrine unless one of the two exceptions applies.

"[T]here are two well-established exceptions to the [public duty] doctrine that prevent inequities to certain individuals: (1) when there is a special relationship between the injured party and the police; and (2) when a municipality creates a special duty by promising protection to an individual." Wood v. Guilford County, 558 S.E.2d 490, 495 (N.C. 2002). A special relationship will result if the plaintiff was a member of an identifiable group of school children subject to foreseeable

risk of harm. See Smith, 608 S.E.2d at 408; Isenhour v. Hutto, 517 S.E.2d 121, 126 (N.C. 1999). "[I]n order to fall within the 'special relationship' exception to the public duty doctrine, plaintiff must allege a special relationship, such as that between 'a state's witness or informant who has aided law enforcement officers.'" Hunt v. N.C. Dep't of Labor, 499 S.E.2d 747, 751 (N.C. 1998) (quoting Braswell, 410 S.E.2d at 902). North Carolina courts have found that a "special relationship" exists between students and a school crossing guard and between students and a school resource officer. See Isenhour, 517 S.E.2d at 126; Smith, 608 S.E.2d at 408. Both school crossing guards and school resource officers are tasked with student safety on a day-to-day basis. With regard to a school crossing guard and a school resource officer, the court found that the relationship with the students was "direct and personal, and the dangers [were] immediate and foreseeable." Isenhour, 517 S.E.2d at 126; Smith, 608 S.E.2d at 408.

In this case, the Plaintiff was a Bradley Middle School student who was allegedly abused by his teacher, Defendant Grubbs. Defendant Pearson served as the head of the Law Enforcement Division for the Charlotte-Mecklenburg County Schools. Defendant Pearson assigned Defendant Welborn to investigate the complaints about Defendant Grubbs. Defendant Welborn was not present in the school on a day-to-day basis and thus had no direct relationship with the students at Bradley Middle School. He was fulfilling the duty of a general law enforcement officer by investigating crimes occurring at schools throughout the Charlotte-Mecklenburg School System. The duty to investigate allegations of past crimes as in this case and the duty to protect children at schools on a day-to-day basis as alleged in Smith are distinguishable. This Court concludes that the special relationship exception does not apply to the Law Enforcement Defendants under these facts.

The Plaintiff has also failed to allege that any "special duty" existed. In order for a special duty to arise, there must have been an actual promise of protection.

> The second recognized exception to the public duty doctrine examines whether a "special duty" arose to a particular individual. Plaintiff must show that an actual promise was made to create a special duty, that this promise was reasonably relied upon by plaintiff, and that this reliance was causally related to the injury ultimately suffered by plaintiff.

Wood, 558 S.E.2d at 497. The Plaintiff has made no allegations in his Complaint that the minor child was promised protection. Thus, the Plaintiff's negligence claims against the Law Enforcement Defendants fail as a matter of law.

    C.    Negligent Supervision and Retention Claims Properly Pled Only against Defendant Grubbs' Employer

Defendants Pearson and Welborn argue that the Plaintiff's negligent supervision and retention claim is barred because neither Pearson nor Welborn employed Defendant Grubbs. "To support a claim of negligent retention and supervision against an employer, the plaintiff must prove that the incompetent employee committed a tortious act resulting in injury to plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency." Smith v. Privette, 495 S.E.2d 395, 398 (N.C. Ct. App. 1998) (internal quotation marks omitted). North Carolina courts have determined that no claim for negligent supervision lies when the Defendant is not the employer of the individual who commits the tortious act. See Foster v. Crandell, 638 S.E.2d 526, 539 (N.C. Ct. App. 2007) (reversing trial court's denial of summary judgment on negligent supervision claim because Defendant was a co-employee, not the employer of the individual who committed the tort). In this case, Defendant Grubbs was a teacher employed by the Charlotte-Mecklenburg Board of Education, not by the Law Enforcement Department, Pearson or Welborn. Thus, the Plaintiff's negligent supervision and retention claims are barred against Defendants Pearson and Welborn.

D. Individual Capacity Claims against Defendants Pearson and Welborn

The Law Enforcement Defendants assert that Defendants Pearson and Welborn are immune from suit because as public officers, they cannot be held individually liable for mere negligence in the performance of their duties. "The general rule is that a public official is immune from personal liability for mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties." Slade v. Vernon, 429 S.E.2d 744, 747 (N.C. Ct. App. 1993). As law enforcement officers, Defendants Pearson and Welborn are public officials. See Willis v. Town of Beaufort, 544 S.E.2d 600, 604-05 (N.C. Ct. App. 2001).

"In order to hold an officer personally liable in his individual capacity, a plaintiff must make a prima facie showing that the officer's conduct is malicious, corrupt, or outside the scope of his official authority." McCarn v. Beach, 496 S.E.2d 402, 404 (N.C. Ct. App. 1998). The Plaintiff has failed to allege any facts that would show that Defendants Pearson and Welborn acted maliciously or outside the scope of their duties in their investigation of the allegations against Defendant Grubbs. Thus, the claims against Defendants Pearson and Welborn in their individual capacities are barred by public official immunity.

E. Statute of Limitations

Defendants contend that the Plaintiff's Complaint is barred due to the statute of limitations. Because the Court has found the claims against the Law Enforcement Defendants to be barred, the Court will not address the statute of limitations argument at this time.

## CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that the Law Enforcement Defendants' Motion to Dismiss is **GRANTED** and that the claims for relief against the Charlotte-Mecklenburg Law Enforcement Department, Gemini Insurance Company, Pearson, and Welborn are therefore **DISMISSED WITH PREJUDICE**.

The Clerk is directed to file this Order on both dockets for 3:08-cv-266 and 3:07-cv-534.

**SO ORDERED**.

Signed: October 8, 2008

Robert J. Conrad, Jr.
Chief United States District Judge