# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv534-RJC-DSC

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, ALICIA JOHNSON, JIMMIE VANCE GRUBBS and RONALD DIXON, | ) ) ) ) ) |
| Defendants. | ) ) **ORDER** |
| BRANTLEY OSTWALT, Guardian ad Litem for unnamed minor child, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, ALICIA JOHNSON and RONALD DIXON, | ) ) ) ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court after a show cause hearing held on October 21, 2009. The Court has considered Mr. Norwood's oral motion to withdraw as attorney, as well as his response to the order to show cause (Doc. No. 53) and brief on N.C.G.S. § 84-5 (Doc. No. 54).

**I. BACKGROUND**

On July 21, 2009, plaintiffs filed a motion to stay proceedings (Doc. No. 43). Plaintiffs' attorney, Mr. Norwood, explained in the motion that he was no longer in the private practice of law.

He further explained that after consulting with the North Carolina State Bar, he had been advised that he could only practice law for his corporate employer and that he could no longer represent the plaintiffs in this matter. Mr. Norwood requested a sixty-day stay of the case so that he could assist the plaintiffs in finding new legal counsel. The Magistrate Judge granted the motion in part, ordering a 30-day stay of the proceedings to allow the plaintiffs time to obtain new counsel. (Doc. No. 44).

The stay expired, and Mr. Norwood never requested leave of the Court to withdraw from representing the plaintiffs, his clients. Thus, he is still the attorney of record for the plaintiffs. The defendants have now filed a motion to dismiss (Doc. No. 48), for which the Magistrate Judge has issued a Memorandum and Recommendation ("M&R") (Doc. No. 51). The plaintiffs have neither responded to the motion to dismiss nor objected to the M&R, which recommends dismissal of the action in its entirety. Before reviewing the M&R and issuing an order on defendants' motion to dismiss, the Court found it necessary to evaluate Mr. Norwood's status as the plaintiffs' attorney of record, since nothing had been filed on their behalf in response to a dispositive motion. The Court ordered Mr. Norwood to appear in person to show cause as to why he should not be ordered to continue as the plaintiffs' attorney in this matter.

The hearing was held, and Mr. Norwood made an oral motion to withdraw as the plaintiffs' attorney. He explained that he thought when he accepted a position as in-house counsel for his corporate employer, his partner was taking over representation of the plaintiffs in this case. Mr. Norwood could not explain, however, why the partner never filed a motion to substitute as counsel. The partner never entered as an attorney of record on the case.

Mr. Norwood further explained that he did not believe he could ethically represent the plaintiffs at this point, since he was now working as in-house counsel for a corporation. In support

2

of this contention, he cited N.C.G.S. § 84-5. Specifically, Mr. Norwood stated that "[u]nder N.C.G.S. § 84-5, it is unlawful for any corporation to practice law or appear as an attorney for any person in any court in this State." (Doc. No. 53). Mr. Norwood further stated, "After consulting with the North Carolina State Bar, I was advised that I can only practice law for my corporate employer and that I could no longer represent the Plaintiffs in this matter." (Id.).

## II. DISCUSSION

While it is true that under N.C.G.S. § 84-5, it is unlawful for any corporation to practice law or appear as an attorney for any person in any court, the statute is not material to Mr. Norwood's position. There is no legal precedent stating that an in-house counsel, acting in his individual capacity and not as an agent of the corporation, may not practice law for clients other than his corporate client. The inapplicability of N.C.G.S. § 84-5 was further confirmed by the Ethics Counsel for the North Carolina State Bar, who agreed that an in-house counsel may moonlight for other clients if not working as an agent of the corporation and the corporation is not being paid for the work. Mr. Norwood's legal contention regarding this matter strikes the Court as a frivolous argument that is unwarranted by existing law. See Fed. R. Civ. P. 11(b)(2).

Mr. Norwood cites only one case, from 1936, in support of his position: State ex. rel. Sewall v. Carolina Motor Club, Inc., 209 N.C. 624, 184 S.E. 540 (1936). (Doc. No. 54). He cites this case for the simple proposition that "a corporation cannot perform legal services for others." (Id.). In Motor Club, plaintiffs alleged that the club advertised to its members that its legal group would advise members on their legal questions about issues related to their membership. Motor Club, 184 S.E. at 541. Mr. Norwood does not state how his position in any way relates to that of the case he

3

cites. His corporate employer is advertising nothing about providing legal services to outside parties or members of its organization.

The only conclusion the Court can draw from Mr. Norwood's citing of N.C.G.S § 84-5 is that he is attempting to confuse a matter that is quite simple.[1] Mr. Norwood is not a corporation. He is an attorney with clients to whom he owes significant duties. While acting as the agent of the corporation in his daily work, his corporate representation has nothing to do with his representation of the plaintiffs in this case.

A plain reading of the statute leaves little room for doubt as to the meaning of § 84-5, which leads the Court to question the veracity of Mr. Norwood's purported consultation with the North Carolina State Bar. He states that upon inquiring in July 2009, he was advised he could no longer represent the plaintiffs in this matter, but he provides nothing more than his own affidavit in support of whether such a communication took place. It is difficult for the Court to believe that the state bar would give such plainly incorrect information to an attorney seeking ethical advice on his ability to continue representing a current client. Further, upon recently contacting the state bar, Mr. Norwood received an email telling him there was nothing in the Rules of Professional Conduct prohibiting him from representing the plaintiffs in this matter while serving as in-house counsel to his corporate employer. (Doc. No. 54, Ex. B). Regardless of whether he was initially told by the state bar that he could not represent these plaintiffs, Mr. Norwood's attempt to shirk his duties to his clients by use of a clearly inapplicable statute is disingenuous at best.

---

[1] Such an attempt may run afoul of Rule 11(b)(1), which prohibits presenting information to the court based on an improper purpose. See Fed. R. Civ. P. 11(b)(1).

Mr. Norwood was served with defendants' motion to dismiss in this case at his corporate employer via U.S. Mail. He admitted that he was aware of the pending motion, but he did nothing about it, despite knowledge that he was still counsel of record in the case. Meanwhile the plaintiffs are left severely prejudiced and on the verge of dismissal in this action. The defendants are prejudiced as well, having complied with the rules of this Court and spent significant funds in defending the action, only to have it drawn out even further because of Mr. Norwood's unprofessional conduct.

### III.  CONCLUSION

The prejudice to both the plaintiffs and the defendants because of Mr. Norwood's carelessness is evident. It is further compounded, however, by his lack of candor with the Court.

**IT IS, THEREFORE, ORDERED,** that:

1. Mr. Norwood's motion to withdraw as counsel is held in abeyance pending determination of the plaintiffs' counsel of record pursuant to this Order;

2. Mr. Norwood shall consult with the plaintiffs to determine if they wish for him to remain as their counsel in this matter, or if instead they will consent to his withdrawal upon securing new counsel, and he will inform the Court of the plaintiffs' decision within ten (10) days, and new counsel shall make an appearance within thirty (30) days of this Order;

3. If the plaintiffs wish for Mr. Norwood to continue representing them, he will have forty (40) days from the date of this Order to file a motion to vacate the M&R and a response to the motion to dismiss, or alternatively to object to the M&R;

4. If the plaintiffs consent to Mr. Norwood's withdrawal, then only upon substitute counsel entering in the case will Mr. Norwood's motion to withdraw be granted. Further, if the plaintiffs secure new representation, the new counsel shall have thirty (30) days from the date of entry in the case to file a motion to vacate the M&R and a response to the motion to dismiss, or alternatively to object to the M&R;

5. Mr. Norwood shall provide the Clerk of the Court, within seven (7) days, the verified current addresses of both Travis Collum and Brantley Ostwalt;

6. The Clerk of the Court shall send a copy of this Order to Travis Collum and Brantley Ostwalt upon receiving their verified current addresses from Mr. Norwood;

7. The Clerk of the Court shall also send a copy of this Order and refer this matter to the North Carolina State Bar for any disciplinary proceedings it deems appropriate;

8. Mr. Norwood shall show cause within ten (10) days why the conduct described in this Order has not violated Fed. R. Civ. P. 11(b).

**SO ORDERED.**

Signed: November 9, 2009

Robert J. Conrad, Jr.
Chief United States District Judge