UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv534-RJC-DSC

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, ALICIA JOHNSON, JIMMIE VANCE GRUBBS and RONALD DIXON, )<br>)<br>Defendants. )<br>─────────────────────<br>BRANTLEY OSTWALT, Guardian ad Litem for unnamed minor child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, ALICIA JOHNSON and RONALD DIXON, )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court sua sponte after an Order to show cause regarding a potential Rule 11 violation. (Doc. No. 59 at 6). The Court has considered the response (Doc. No. 61) to the Order, and the matter is now ripe for determination.

On November 10, 2009, this Court entered an Order (Doc. No. 59) seeking to resolve the issue of plaintiffs' representation in this case. Pursuant to Fed. R. Civ. P. 11(c)(3), the Court ordered Mr. Norwood to show cause within ten days why the conduct described in the Order was not a violation of Fed. R. Civ.

P. 11(b). (Doc. No. 59 at 6). Mr. Norwood filed a response to the order, stating that he would "leave it to the Court's discretion to decide if [his] behavior rises to the level of a Rule 11 violation" and declining to offer an argument as to why the conduct did not violate Rule 11(b). (Doc. No. 61).

The Court appreciates Mr. Norwood's recent attempt to correct the problem he has created. However, the Court finds that the legal argument Mr. Norwood put forth as an excuse for his failures in this matter is frivolous and unwarranted by existing law. See (Doc. No. 59 at 3). Thus the Court finds that Mr. Norwood has violated Fed. R. Civ. P. 11(b)(2). The Court also finds that in attempting to confuse a clear legal issue by citing inapplicable case law, Mr. Norwood's actions have run afoul of Fed. R. Civ. P. 11(b)(1), which prohibits presenting information to the Court based on an improper purpose. See (Doc. No. 59 at 4 n.1). As a result, the Court sanctions Mr. Norwood with defendants' costs incurred for counsel's preparation for and attendance at the October 21, 2009 show-cause hearing, and also for costs incurred as a result of plaintiffs' delay in responding to the motion to dismiss filed by defendants on September 4, 2009, as set forth in the Affidavit of Aretha V. Blake (Doc. No. 55).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED,** that:

1. Mr. Norwood shall pay defendants' costs of two thousand seventy-five dollars ($2075) as sanctions for his violation of Fed. R. Civ. P. 11(b).

**SO ORDERED.**

Signed: December 9, 2009

Robert J. Conrad, Jr.
Chief United States District Judge