# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv534-RJC-DSC

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, ) ) ) Plaintiff, ) ) v. ) ) CHARLOTTE-MECKLENBURG ) BOARD OF EDUCATION, ALICISA ) JOHNSON, JIMMIE VANCE GRUBBS ) and RONALD DIXON, ) ) Defendants. ) ) BRANTLEY OSTWALT, Guardian ad ) Litem for unnamed minor child, ) ) Plaintiff, ) ) v. ) ) CHARLOTTE-MECKLENBURG ) BOARD OF EDUCATION, ALICISA ) JOHNSON and RONALD DIXON, ) ) Defendants. ) | ORDER |

**THIS MATTER** is before the Court on the defendants' Motion to Dismiss (Doc. Nos. 48 & 49), the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 51), and the plaintiffs' objection and defendant's reply (Doc. Nos. 65 & 66). For the reasons set forth below, the Court will **GRANT** the defendants' motion.

## I. BACKGROUND

The plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and state law arising out of the sexual molestation of the two unnamed minor child plaintiffs by Jimmie Vance Grubbs, a former teacher at Bradley Middle School in the Charlotte-Mecklenburg school system. The defendants, after dismissal of several original defendants, are the Charlotte-Mecklenburg Board of Education; Ronald Dixon, former principal of Bradley Middle School; and Alicisa Johnson, former principal of Bradley Middle School (collectively "the defendants"). The defendants filed their Motion to Dismiss on September 4, 2009, and the Magistrate Judge issued the M&R on October 2, 2009. After a lengthy delay caused by plaintiffs' counsel, the plaintiffs objected to the M&R on December 21, 2009. The plaintiffs do not object to the Magistrate Judge's findings of fact, and the Court adopts the findings of fact as set forth on pages two through five of the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Towmbly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

The plaintiffs make no specific objections to the Magistrate Judge's recommendation that the Court should dismiss their § 1983 claims and their state-law tort and negligence-based claims. The Magistrate Judge recommended dismissal of these claims, reasoning that (1) governmental immunity bars the claims against the Board of Education, as well as Dixon and Johnson in their official capacities; (2) public official immunity bars the claims against Dixon and Johnson in their individual capacities; and (3) the plaintiffs' § 1983 claim is barred because they failed to plead that an employee of the Board of Education violated their constitutional rights. The Court finds no clear error in the Magistrate Judge's well-reasoned analysis of these issues and consequently affirms the recommendation that the Court dismiss these claims.

The plaintiffs assert one specific objection: that the Magistrate Judge inappropriately relied upon Frye v. Brunswick County Bd. of Educ., 612 F. Supp. 2d 694 (E.D.N.C. 2009), in recommending dismissal of the plaintiffs' state law constitutional claim. The plaintiffs allege that the Board of Education violated

3

their right to the privilege of education under the North Carolina Constitution "by fostering an environment in the schools where employees fail to report instances of inappropriate conduct . . . and where conduct such as that complained of in this suit . . . is tolerated by the Charlotte-Mecklenburg Board of Education."

The plaintiffs argue that the Magistrate Judge erred in failing to consider Craig v. New Hanover Bd. of Educ., 678 S.E.2d 351 (N.C. 2009). In Craig, the plaintiff asserted both state-law negligence claims and a claim for denial of the right to the privilege of education. Id. at 352. Craig held that where sovereign immunity bars a common law negligence claim, that negligence claim does not provide an adequate remedy at state law. Id. at 355. The court further held that when a tort remedy is barred by sovereign immunity, a "plaintiff may move forward in the alternative, bringing his colorable claims directly under [the] State Constitution based on the same facts that formed the basis for his common law negligence claim." Id. The court noted that the "holding does not predetermine the likelihood that plaintiff will win other pretrial motions, defeat affirmative defenses, or ultimately succeed on the merits of his case. Rather, it simply ensures that an adequate remedy must provide the possibility of relief under the circumstances." Id.

The Craig court did not, however, recognize a private right of action for denial of the right to the privilege of education under the North Carolina Constitution. It simply stated that the plaintiff in that case was not precluded from asserting the state constitutional claim, without reaching the merits of that claim. The defendants in this case do not argue that the plaintiffs are precluded from asserting the state constitutional claim. Rather, the defendants have simply argued that the plaintiffs, while holding a right to assert the constitutional claim, have failed to state a claim upon which relief may be granted, since

4

North Carolina Courts have never recognized a private right of action for denial of the right to the privilege of education.

The Frye court clearly addressed this matter, as it discussed the Craig case and noted that the North Carolina Supreme Court had heard oral arguments on the issue of adequate state remedy, but had not yet issued a decision. See Frye, 612 F. Supp. 2d at 704. However, the Frye court held that it need not delay in determining the matter before it, because the plaintiff's state constitutional claim for denial of the right to the privilege of education failed to state a claim upon which relief may be granted. Id. It noted that the North Carolina Supreme Court's "potential analysis of the adequate state remedy doctrine in Craig will not impact the outcome of the Board's pending motion to dismiss." Id.

The Court finds Craig inapposite to the issue at bar. As Frye makes clear, no North Carolina Court has recognized a private right of action for the denial of the right to the privilege of education. Further, plaintiff's remedy is adequate because "to be considered adequate in redressing a constitutional wrong, a plaintiff must have at least the opportunity to enter the courthouse doors and present his claim." Copper ex rel. Copper v. Denlinger, ___ S.E.2d ___, 2010 WL 325372, at *3 (N.C. Jan. 29, 2010) (quoting Craig, 678 S.E.2d at 355). The plaintiffs have had the opportunity to enter the courthouse doors and present their constitutional claim, and the Court, after considering the pleadings, holds that they have failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Therefore, the Magistrate Judge correctly determined the issue, and the plaintiffs' state constitutional claim will be dismissed.

## IV. CONCLUSION

The Court empathizes with the plaintiffs' cause, which is the product of unspeakably horrific acts committed by an individual who is now serving a lengthy sentence in federal prison. The law, however, simply provides no cause of action against the remaining defendants in the action.

**IT IS, THEREFORE, ORDERED** that the defendants' Motion to Dismiss (Doc. No. 48) is **GRANTED**.

Signed: February 23, 2010

Robert J. Conrad, Jr.
Chief United States District Judge