**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:07cv534-RJC-DSC**

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CHARLOTTE-MECKLENBURG )<br>BOARD OF EDUCATION, ALICISA )<br>JOHNSON, JIMMIE VANCE GRUBBS )<br>and RONALD DIXON, )<br>)<br>Defendants. )<br>_____)<br>BRANTLEY OSTWALT, Guardian )<br>ad Litem for unnamed minor child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>_____)<br>CHARLOTTE-MECKLENBURG )<br>BOARD OF EDUCATION, ALICISA )<br>JOHNSON and RONALD DIXON, )<br>)<br>Defendants. )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

      **THIS MATTER** is before the Court on "Defendants Charlotte-Mecklenburg Board of Education, Alicisa Johnson and Ronald Dixon's Post-Judgment Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927, 42 U.S.C. § 1988, and Rules 16, 37 and 54 of the Federal Rules of Civil Procedure" (document #69) and "Defendants Charlotte-Mecklenburg Board of Education, Alicisa Johnson and Ronald Dixon's Memorandum in Support of Their Post-Judgment Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927, 42 U.S.C. § 1988, and Rules 16, 37 and 54 of the

Federal Rules of Civil Procedure" (document #70) both filed March 9, 2010. Plaintiffs have not filed a brief in opposition or otherwise responded to Defendants' Motion and the time for filing a response has expired. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Post-Judgment Motion for Attorneys' Fees be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

These actions were brought pursuant to 42 U.S.C. § 1983 and state law by Plaintiff Travis Collum, the Guardian ad Litem for an unnamed minor child ("Plaintiff Collum") and Plaintiff Brantley Ostwalt, Guardian ad Litem for unnamed minor child ("Plaintiff Ostwalt") arising out of the sexual molestation of the two minors by Defendant Jimmie Vance Grubbs[1], a former teacher at Bradley Middle School, a school in the Charlotte-Mecklenburg School system. The Defendants, after dismissal of several original Defendants, were the Charlotte-Mecklenburg Board of Education ("BOE"); Ronald Dixon, the principal of Bradley Middle School through sometime in February 2005; and Alicisa Johnson, the principal of Bradley Middle School from sometime in February 2005.

On November 14, 2007, Plaintiff Collum filed his Complaint in the Superior Court of Mecklenburg County. On December 20, 2007, the Defendants removed the state court action to the United States District Court for the Western District of North Carolina, alleging federal question subject matter jurisdiction. On January 17, 2008, Plaintiff Collum filed an Amended Complaint. On January 30, 2008, Defendants CMS Law Enforcement Division, Gemini Insurance, Pearson, and Welborn filed

---

[1]Plaintiff Ostwalt did not bring any claims against Jimmie Vance Grubbs in his Complaint.

a Motion to Dismiss. On June 16, 2008, Chief Judge Robert J. Conrad, Jr. granted those Defendants' Motion to Dismiss.

On May 8, 2008, Plaintiff Ostwalt filed his Complaint in the Superior Court of Mecklenburg County. On June 12, 2008, the Defendants removed the state court action to the United States District Court for the Western District of North Carolina, alleging federal question subject matter jurisdiction. On September 30, 2008, Chief Judge Conrad consolidated this case with the Collum case. On October 10, 2008, Chief Judge Conrad granted a Motion to Dismiss Defendants CMS Law Enforcement Division, Gemini Insurance, Pearson, and Welborn.

On December 9, 2008, this Court entered a Pretrial Order and Case Management Plan ("Pretrial Order") (document #37) which established the following deadlines among others:

- Plaintiffs' Expert Reports were due by March 4, 2009;
- Defendants' Expert Reports were due by May 4, 2009;
- Discovery shall be completed by July 8, 2009;
- Motions shall be filed by August 3, 2009; and
- Trial was calendared for the session beginning November 2, 2009.

The March 4, 2009 deadline passed without Plaintiffs serving their expert reports as required, filing a motion for extension of time with the Court, or contacting Defendants' counsel to request an extension of time. On March 5, 2009, Defendant BOE served its First Set of Interrogatories and Request for Production to Plaintiff Ostwalt upon Plaintiffs' counsel, Marion Thomas Norwood, III ("Norwood"), at his address of record. Defendant Johnson served her First Set of Interrogatories and Requests for Production to Plaintiff Collum upon Plaintiffs' counsel at his address of record (collectively the "March 5 Discovery Requests").

Plaintiffs' responses to the March 5 Discovery Requests were due no later than April 7, 2009. Defendants did not receive responses to the March 5 Discovery Requests or any request for an extension

of time. On April 10, 2009, Defendants' counsel faxed and mailed correspondence to Plaintiffs' counsel requesting responses to the March 5 Discovery Requests as soon as possible.

Having received no response from Plaintiffs' counsel, Defendants' counsel, Aretha Blake, contacted Plaintiffs' counsel at his telephone number of record on April 28 and was informed that Norwood no longer worked at the firm. Affidavit of Aretha V. Blake ("Blake Aff."), ¶8 (document #71). Prior to April 28, Norwood had not notified Defendants' counsel that he had left the firm nor had there been a Motion to Withdraw or Notice of Substitution filed in this matter. Id. Blake was directed to speak with Todd Farlow, another attorney at Norwood's former law firm. Blake Aff. ¶9. Farlow had no information about the case and no knowledge of the March 5 Discovery Request, or the April 10, 2009 correspondence demanding responses to those Requests. Id. Farlow stated that he would contact Norwood and that, in the meantime, he would consent to the Defendants filing their April 28, 2009 Motion to Amend Pretrial Order and Case Management Plan. Blake Aff. ¶10. The Court granted this Motion on April 29, 2009, and Defendants' deadline to provide expert reports was extended until June 18, 2009 (document #39). All other deadlines in the Pretrial Order remained the same.

On June 17, 2009, over three months after having served the March 5 Discovery Requests and after having made repeated attempts to secure responses from Norwood, Defendants filed a Motion to Compel (document #40). On July 23, 2009, this Court entered an Order granting Defendants' Motion to Compel and requiring Plaintiffs to provide responses to Defendants' March 5 Discovery Requests by no later than September 24, 2009 (document #44).

Additionally, on July 23, 2009, this Court granted Defendants' Second Motion to Amend the Pretrial Order and extended Defendants' deadline to provide expert reports from June 18 to November 9, 2009 and to complete discovery from July 8 to November 24, 2009 (document #44).

On July 21, 2009, over three months after Defendants' counsel learned from another attorney that Norwood had left his law firm, Norwood finally contacted Defendants' counsel to inform them of his job change. Blake Aff. ¶12. On this same date, Norwood filed a Motion to Stay these proceedings in order for him to locate substitute counsel for Plaintiffs (document #43). In support of his Motion to Stay, Norwood asserted that he was no longer in the private practice of law and was working in-house for a corporation. As a result, he asserted that he was prohibited by N.C.G.S. §84-5 from representing any person in court. He also asserted that the State Bar of North Carolina advised him that he could no longer represent Plaintiffs in this litigation. On July 23, 2009, the Court granted Norwood's Motion in part and stayed this matter until August 24, 2009 (document #44).

On August 25, 2009, the day following the expiration of the stay, Defendants filed a Third Motion to Amend the Pretrial Order requesting an extension of the motions deadline and trial date (document #45). This Court granted the Third Motion and extended the motions deadline from August 3 to December 21, 2009, and the trial date from November 2, 2009 to May 3, 2010 (documents #46 and #47).

On September 4, 2009, Defendants filed their Motion to Dismiss. Plaintiffs did not file a brief in opposition or otherwise respond to Defendants' Motion. On October 2, 2009, this Court entered a Memorandum and Recommendation recommending complete dismissal of Plaintiffs' claims against Defendants (document #51). As a result of Norwood's representations in his Motion to Stay and his failure to file a motion to withdraw as counsel of record or a response to Defendants' Motion to Dismiss, the Honorable Robert J. Conrad, Jr. requested that Norwood appear before him to show cause before the Court entered its ruling on the Motion to Dismiss (document #52).

Counsel for all parties appeared before Judge Conrad on October 21, 2009 for the show cause hearing. By Order dated November 10, 2009, the Court found that Norwood "is still the attorney of

record for the [Plaintiffs]" and that his "attempt to shirk his duties to his clients by use of a clearly inapplicable statute is disingenuous at best." (document #59, p. 4).

On November 9, 2009, Defendants filed a Fourth Motion to Amend the Pretrial Order requesting another extension of Defendants' deadline to serve expert reports (document #57). The Court granted this Fourth Motion on November 10, 2009 and extended Defendants' deadline to provide expert reports until forty-five days after the Court's decision on Defendants' Motion to Dismiss (document #58).

On November 23, 2009, Defendants filed a Fifth Motion to Amend the Pretrial Order (document #62). The Court granted this Fifth Motion and extended the deadline for discovery until sixty days after the Court rules on Defendants' Motion to Dismiss and the motions deadline until ninety days after the Court rules on Defendants' Motion to Dismiss (document #63).

On December 9, 2009, Judge Conrad entered an Order finding Norwood to be in violation of Federal Rules of Civil Procedure 11(b)(1) and 11(b)(2). The Court found that "the legal argument Mr. Norwood put forth as an excuse for his failures in this matter is frivolous and unwarranted by existing law." (document #64, p. 2). The Court sanctioned Norwood with Defendants' costs of $2,075 incurred for counsel's preparation for and attendance at the October 21, 2009 show-cause hearing and as a result of Plaintiffs' delay in responding to the motion to dismiss filed by Defendants on September 4, 2009.

On February 23, 2010, Judge Conrad adopted this Court's recommendation and entered an Order granting Defendants' Motion to Dismiss the case in its entirety (document #67). Judgment was entered on that same day.

On March 9, 2010, Defendants filed this Motion for Attorneys' Fees and Costs asserting several different legal theories under which they are entitled to an award of reasonable attorneys' fees. The time for filing a response to Defendants' Motion has passed, and, to date, Plaintiffs have filed no response. Accordingly, this Court considers the Defendants' Motion as fully briefed and ripe for disposition.

## II. DISCUSSION

While the Defendants espouse a number of different legal theories in support of their Motion, the Court finds that Norwood's disregard for the rules of this Court and his duties to his clients throughout this litigation justify the imposition of sanctions against him and an award of reasonable attorneys' fees to Defendants under 28 U.S.C. § 1927. The Court finds it especially telling that Norwood did not respond to the present motion for attorneys' fees and continued to disregard his duties to his clients even after stating in his "Response to Motion to Show Cause" filed on November 20, 2009 (document #61) that he would "vigorously advocate for my client and will be diligent in responding to all aspects of the case from this point forward."

> Title 28 U.S.C. § 1927 provides:
>
>> Any attorney…admitted to conduct cases in any court of the United States…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Supreme Court has recognized that § 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants. The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law." Roadway Express, Inc. v. Piper, 447 U.S. 752, 762 (1980). Instead, the statue is "concerned only with limiting the abuse of court processes." Id. For this reason, the Court must focus on "the conduct of the litigation and not on its merits." DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999).

"Pursuant to § 1927, three substantial requirements must be met before liability may be imposed: (1) a multiplication of proceedings by an attorney; (2) conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings." The Chosin

Few, Inc. v. Scott, 209 F.Supp.2d 593, 603 (W.D.N.C. 2002). "A subjective finding of bad faith is required in order to impose sanctions." Id. (citing Chaundhry v. Gallerizzo, 174 F.3d 394, 411 n.14 (4th Cir. 1999) and Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991)).

The Court finds that Norwood's conduct in abandoning this case without seeking leave of Court or notifying Defendants, failing to comply with Orders of this Court, asserting legal arguments not warranted by existing law, and unnecessarily protracting this litigation justifies the imposition of sanctions against him pursuant to 28 U.S.C. § 1927. Judge Conrad acknowledged Norwood's protraction of these proceedings as well as the resulting increased costs to Defendants in his November 11, 2010 Order when he found, "[t]he defendants are prejudiced as well, having complied with the rules of this Court and spent significant funds in defending the action, only to have it drawn out even further because of Mr. Norwood's unprofessional conduct." (document #59, p. 5). Further, Judge Conrad held that in citing inapplicable case law in order to confuse a clear legal issue, Norwood also ran afoul of Rule 11, which prohibits presenting information to the Court based upon an improper purpose. Id. These findings by the Court confirm Norwood's bad faith in his course of conduct and justify an award of sanctions against him pursuant to 28 U.S.C. § 1927.

Defendants submit that Norwood's conduct caused them to spend significant time and resources: (1) drafting discovery and correspondence seeking responses to that discovery; (2) attempting to contact Norwood; (3) attempting to determine the status of Norwood's representation of the Plaintiffs; (4) drafting and filing five Motions to Amend the Pretrial Order as a result of the Plaintiffs' failure to respond to discovery; (5) drafting and filing a Motion to Compel Plaintiffs' responses to the March 5 Discovery Requests; (6) attempting to secure discovery of the minor Plaintiffs, their parents, and other witnesses in order to obtain information about the basis of Plaintiffs' claims; (7) drafting demand letters regarding deficient discovery responses; and (8) researching and drafting a response to Plaintiffs'

8

Objection to this Court's Memorandum and Recommendation. Supplemental Affidavit of Anthony Fox ("Fox Aff.") ¶5 and 6 (document #74). According to Anthony Fox, supervising attorney for Defendants, "[t]he costs associated with Plaintiffs' delay was approximately $28,014.50, excluding costs already awarded to Defendants in connection with the motion to show cause." Fox Aff. ¶4.

Fox's affidavit (document #74) sets forth the billing rates charged by each attorney at Parker Poe Adams & Bernstein LLP ("Parker Poe") who worked on this litigation. As reflected in the Affidavit of George Hanna, an experienced litigator at the law firm Moore & Van Allen PLLC, those billing rates are comparable to the rates charged by his law firm for attorneys with similar background and experience in complex civil litigation and with the rates in the Western District of North Carolina. Affidavit of George V. Hanna III (document #72). In addition, Fox submitted excerpts from a 2009 PriceWaterhouseCoopers survey of billable rates in the Charlotte region and in the Carolinas, which reflected that the hourly rates charged by Parker Poe in this action are generally below or near the median rates charged by firms in the relevant geographical area. Fox Aff ¶ 14-16 (Exhs. A and B).

The Court agrees with Defendants that Norwood's conduct caused them to expend additional time and resources and does warrant an award of attorneys' fees under 28 U.S.C. § 1927. However, after an *in camera* review of the detailed billing records provided by each of Defendants' attorneys for costs associated with Plaintiffs' delay, the Court finds that Defendants' attorneys would have incurred a significant amount of this time during the course of this complex litigation regardless of Norwood's conduct. Therefore, based on this *in camera* review, the Court finds that an award of $7,256.00 in attorneys' fees is a reasonable and appropriate sanction against Norwood as a result of his unreasonable and vexatious conduct pursuant to 28 U.S.C. § 1927.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants Charlotte-Mecklenburg Board of Education, Alicisa Johnson and Ronald Dixon's Post-Judgment Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927, 42 U.S.C. § 1988, and Rules 16, 37 and 54 of the Federal Rules of Civil Procedure" (document #69) be **GRANTED**, and pursuant to 28 U.S.C. § 1927, M. Thomas Norwood, III be ordered to pay the Defendants attorneys' fees in the amount of $7,256.00.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties, <u>and to the Honorable Robert J. Conrad, Jr.</u>

SO RECOMMENDED.

Signed: April 13, 2010

David S. Cayer
United States Magistrate Judge