UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv534-RJC-DSC

| | |
|---|---|
| TRAVIS COLLUM, Guardian ad Litem for unnamed minor child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, ALICISA JOHNSON, JIMMIE VANCE GRUBBS and RONALD DIXON, )<br>)<br>Defendants. )<br>)<br>BRANTLEY OSTWALT, Guardian ad Litem for unnamed minor child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, ALICISA JOHNSON and RONALD DIXON, )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the Court on defendants Charlotte-Mecklenburg Board of Education, Alicisa Johnson, and Ronald Dixon's Post-Judgment Motion for Attorneys Fees and Costs (Doc. No. 69), the related memorandum and affidavits in support (Doc. Nos. 70-74), and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 75). For the reasons set forth below, the Court will **GRANT** the motion, albeit for a lesser amount than the defendants request.

**I. BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

**II. STANDARD OF REVIEW**

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

**III. DISCUSSION**

Federal Rule of Civil Procedure 72(b) allows a party fourteen days to file specific written objections to a Magistrate Judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Mr. Norwood, attorney for the plaintiffs, received a notice and copy of all filings related to this motion via email, along with an instruction that objections to the M&R were due by April 30, 2010. No objections have been filed as of the date of this Order.

After a careful review of the record in this case, the Court finds that the Magistrate Judge's recommendations are consistent with and supported by law. Thus, the Court hereby adopts the M&R of the Magistrate Judge as the final decision of this Court for all purposes in this case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendants' Post-Judgment Motion for Attorneys Fees and Costs (Doc. No. 69) is **GRANTED** and that pursuant to 28 U.S.C. § 1927, M. Thomas Norwood, III is **ORDERED** to pay the defendants' attorneys' fees in the amount of $7,256.00.

**SO ORDERED.**

Signed: May 6, 2010

Robert J. Conrad, Jr.
Chief United States District Judge